# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

Michael A.  McNeil                          *

    Appellant                        *          No. 14-1082
                             (1:13-cv-01501-WDQ)

    v.                               *

Federal Network Systems, LLC                *

    Appellee                         *

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

## OPENING INFORMAL BRIEF OF THE APPELLANT

RECEIVED
2014 FEB 24  AM 10: 04
U.S. COURT OF APPEALS
FOURTH CIRCUIT

Michael A. McNeil
7014 Gentle Shade Road
Apartment 402
Columbia, MD 21046
(410) 505-8617
mamcneil@gmail.com

**Table of Contents**

A.  Jurisdiction........................................................................................1

  1.  Name of Court or Agency From Which Review is Sought............................1

  2.  Date(s) of order or orders for which review is being sought...........................1

  3.  Timeliness of notice of appeal or petition for review......................................1

B.  Prior Cases Filed with this Court:..................................................................1

C.  Statement of the issues presented...................................................................1

D.  Standard of Review........................................................................................2

E.  Statement of Facts..........................................................................................2

F.  Summary of Arguments...................................................................................4

G.  Argument.........................................................................................................5

  Issue #1:  Did the District Court commit reversible error when it granted the

  Appellee's motion to dismiss for lack of subject matter jurisdiction and when it

  denied the Appellant's motion for a permanent injunction?...................................5

H. Conclusion and Relief Requested...................................................................13

CERTIFICATE OF SERVICE..........................................................................14

## A. Jurisdiction

### 1. Name of Court or Agency From Which Review is Sought

a. The United States District Court For the District of Maryland

### 2. Date(s) of order or orders for which review is being sought

a. ORDER [ECF 15] entered on January 22, 2014, which GRANTED Appellee's Motion to Dismiss for lack of subject matter jurisdiction and DENIED Appellant's Motion For Permanent Injunction.

### 3. Timeliness of notice of appeal or petition for review

Notice of Appeal was filed on January 29, 2014

## B. Prior Cases Filed with this Court:

Michael A. McNeil v. State of Maryland, No. 12-2139, District Court decision affirmed.

Michael McNeil v. V. Markuski, Jr., No. 13-2269, Pending this court's decision

Michael McNeil v. Stephen Drazin, No. 13-2276, Pending this court's decision

## C. Statement of the issues presented

**Issue 1:** Did the District Court commit reversible error when it granted the Appellee's motion to dismiss for lack of subject matter

1

jurisdiction and when it denied the Appellant's motion for a permanent

injunction?

## D.  Standard of Review

As set out in the cases below, this Court reviews a district court's dismissal

for lack of subject matter jurisdiction de novo see <u>Cooksey v. Futrell, 721 F.3d 226,</u>

234 (4th Cir. 2013):

> We review de novo a district court's dismissal for lack of subject
> matter jurisdiction. <u>See Taylor v. Kellogg Brown & Root Servs., Inc.,</u>
> <u>658 F.3d 402,</u> 408 (4th Cir. 2011).


## E.  Statement of Facts

Since October 1998, Appellant has provided services to the Appellee as a

network engineer. Am.Compl. [ECF No. 6], at ¶ 6.

On December 27, 2010, the Circuit Court for Howard County, Maryland

entered <u>multiple orders</u> requiring Appellant to pay $1,051.00 per month in child

support and $3,000.00 per month in alimony.1 Id., ¶¶ 7-8. The Circuit Court also

<u>entered multiple orders</u> requiring the Appellee to withhold said amounts from

Appellant's paycheck. Id.

On May 9, 2013, Michael McNeil made attempts to try to work this matter

2

with the Appellee by informing them what the Federal Law stated concerning the limitations on how much could be withheld to no avail [ECF No. 6 at ¶ 24].

On May 22, 2013, Michael McNeil filed a 25 Count Complaint in this Court, alleging that between June 9, 2012, and June 8, 2013, FNS "violated 15 U.S.C. § 1673" by "withholding amounts" pursuant to the two separate support orders from his paychecks in excess of the maximum amounts prescribed under the forgoing statute. See Compl. [ECF No. 1], at ¶ 18.   Each count of the complaint reflect the withholding for that pay period.

No where in the complaint or in the complaint is there an allegation that Federal Networks Systems, LLC the Appellee has been ordered to withhold any amount by any court.

No where in the case record can there be found any order, directing Federal Network Systems, LLC to garnish any amounts from the Appellant's pay check.

No where in the case record was it alleged to or demonstrated that Federal Network Systems LLC was a party to the state court litigation ordering the Appellee to pay alimony and child support.

On July 22, 2013, the Appellee moved to dismiss for lack of subject matter jurisdiction with the district court granted applying the Rooker-Feldman Doctrine.

The opinion of the District Court and it's order to dismiss was rendered

3

without benefit of a hearing or testimony.

## F.  Summary of Arguments

*Issue #1:*   Did the District Court commit reversible error when it granted the Appellee's motion to dismiss for lack of subject matter jurisdiction and when it denied the Appellant's motion for a permanent injunction.

The district court  dismissed the Appellant's case based on the Rooker-Feldman doctrine without holding any kind of hearing believing because do to the fact that alleged violation of the Consumer Credit Protection Acts (CCPA)by the Appellant's employer.  The district court's opinion in this matter is in error in Federal Plaintiffs are not barred from suing employer because of the Rooker-Feldman doctrine for violation of the CCPA just because a debt/judgment was determined by a state court order in the same way that Federal Plainitffs are not barred from suing debt collectors by Rooker-Feldman doctrine for violations of the Fair Debt Collection Practices Act (FDCPA) just because the debt/judgment was determined by a state court which is well settled law.

## G. Argument

***Issue #1:*** Did the District Court commit reversible error when it granted the Appellee's motion to dismiss for lack of subject matter jurisdiction and when it denied the Appellant's motion for a permanent injunction?

The District Court in dismissing the Appellant's case applied the Rooker-Feldman doctrine seemingly believing that in considering the Appellant's claim that it would have to act as an appellant court of a state court judgement. However, the District Court did this in error for no where in the record can it be found that Appellant was seeking review of a state court order concerning a state court judgement, but the complaint was squarely directed at Federal Network Systems LLC who was not a party in the state court nor was it the subject of any of any state court orders found in the Appellant's complaints. Furthermore, no where it the complaint can there be found where the Appellant was seeking any reduction in the amount be so ordered by the state court for him to pay.

In any event, the United States Supreme Court clarified the contours of Rooker-Feldman:

> The Rooker-Feldman doctrine ... is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. Rooker-

>Feldman does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions. (emphasis added).

Exxon Mobil Corp. v. Saud i Basic Ind. Corp., 544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005); see also Johnson v. De Grandy, 512 U.S. 997, 1005-06, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994).

The pivotal inquiry in the present case is "whether the federal plaintiff seeks to set aside a state court judgment or whether he is, in fact, presenting an independent claim." Long v. Shorebank Development Corporation, 182 F.3d 548, 555 (7th Cir.1999). Rooker-Feldman applies where to the issue raised in the state court judgment itself, Long, 182 F.3d at 555, because in granting the federal plaintiff the relief sought, a federal court must determine that "the state court judgment was erroneously entered or must take action that would render the judgment ineffectual," thereby passing on the merits of that state court decision. See Jordahl v. Democratic Party of Va., 122 F.3d 192, 197 n.5 (4th Cir. 1997) at 202 (internal punctuation omitted) (quoting Ernst v. Child and Youth Servs., 108 F.3d 486, 491 (3d Cir.1997)).

On the other hand, Rooker-Feldman is inapplicable where the alleged cause of action is distinct from the state court judgment, where a federal plaintiff raises an independent claim, not "inextricably intertwined" with that state judgment. Long, 182 F.3d at 555; Centres, Inc. v. Town of Brookfield, 148 F.3d 699, 701-02 (7th Cir.1998); Exxon Mobil Corp., 125 S.Ct. at 1521-22. Rooker-Feldman does not strip federal courts of subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court. See Exxon Mobil Corp., 125 S.Ct. At 1527. Hence where a federal plaintiff alleges an independent claim that the state court failed to remedy, a federal court may consider that claim. Long, 182 F.3d at 555; cf. American Reliable Insurance Co. v. Stillwell, 336 F.3d 311 (4th Cir.2003) at 317-18.

Here the Appellant, Michael McNeil, alleged several violations of the Consumer Protection Act (CCPA) which limits the amounts that employer can withhold from an employee's paycheck to satisfy judgements against an employee for payment of alimony and/or child support. No where in the complaint did the Appellant seek to have the district court to void the state court order for the Appellant to pay alimony and/or child support, not did the Appellant ask the District Court to review the judgements in the matter whether the amounts where

7

correct.  The complaint was directed at Federal Network Systems, LLC as to the fact that they did not follow their duty concerning what the CCPA demands of employer's when deducting amount to be paid to satisfy state court judgements. Additionally there is no record or is it even eluded to in the record that Appellee has ever been intertwined in any litigation with the Appellant prior to the Appellant filing his complaint against the Appellee.

Currently it is well settled law that claims under Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 concerning the abusive practices of debt collectors are not barred by Rooker-Feldman, similarly Consumer Credit Protection Acts (CCPA), 15 U.S.C. § 1673 which restrict the amounts that employers can withhold from an employee's paycheck can not be barred by Rooker-Feldman, threfor the Appellant has stated  a cause of action to permit the claims to go forward in Federal Court. See Azar v. Hayter, 874 F.Supp. 1314 (N.D.Fla.1995); Long, 182 F.3d at 554.

When a FDCPA claim concerns collection activities, a FDCPA claim does not arise out of the transaction creating the debt.  Similary CCPA claims that restrict the amount of money that an employer can withhold to satisfy any garnishment order does not arise out of the transaction creating the debt.

The Court in McCammon v. Bibler, Newman & Reynolds, P.A., 493

8

F.Supp.2d 1166 (D. Kan., 2007) took a detailed look at the Rooker-Feldman issue in comparing five cases post <u>Exxon</u> cases which considered the applicability of the Rooker Feldman doctrine to circumstances similar to those in this case, where creditors (or debt collectors) obtain a judgment in state court but have their collection practices challenged in federal court under the FDCPA. <u>Todd v. Weltman, Weinberg & Reis Co., L.P.A.</u>, 434 F.3d 432 (6th Cir. 2006); <u>Anderson v. Gamache & Myers, P.C.</u>, 2007 U.S. Dist. LEXIS 39446, 2007 WL 1577610 (E.D. Mo. May 31, 2007); <u>Foster v. D.B.S. Collection Agency</u>, 463 F. Supp. 2d 783 (S. D. Ohio 2006); <u>Wyles v. Excalibur I, LLC</u>, 2006 U.S. Dist. LEXIS 64203, 2006 WL 2583200 (D. Minn. 2006); <u>Senftle v. Landau,</u> 390 F. Supp. 2d 463 (D. Md. 2005).

The above mentioned courts all found that Rooker-Feldman did not bar claims under the FDCPA where the plaintiff disputed the collection practices utilized by the debt collector, not the validity of the state court judgment. "[p]laintiffs' alleged injuries here are not the result of the state court judgments themselves, but rather [result] from the allegedly illegal practices Defendants used to obtain those state court judgments." <u>Foster,</u> 463 F.Supp.2d at 798. (citing Todd, 434 F.3d;). The Sixth Circuit concluded in Todd, 434 F.3d at 436 that the plaintiffs FDCPA claims were not precluded by Rooker-Feldman because the plaintiffs claim

was not that he was injured as a result of the state court judgment but rather that he

was injured by defendant's method of collection, that is, the filing of a false

affidavit, which constituted an independent federal claim under the

FDCPA.   Here, similarly the issue is not with the how a defendant collected a

debt, but how an employer, the defendant decided not to follow the restrictions that

the CCPA puts on it when assisting a debt collector in obtaining the debtor's pay to

satisfy the debt.

In any event the district court in its opinion determined the following test

applied to determine if the Rooker-Feldman applied [ECF 14]:

> 1) the federal court plaintiff lost in state court; (2) the plaintiff complains of
> "injuries caused by state-court judgments;" (3) the state court judgment
> became final before the proceedings in federal court commenced; and (4) the
> federal plaintiff "invit[es] district court review and rejection of those
> judgments

The district court in it's opinion did not provide any analysis of the case

demonstrating on what parts of the test the Appellant's caused the Rooker-Feldman

doctrine to become in effect other than it stated the following [ECF 14]:

> Here, McNeil objects to FNS's compliance with court orders requiring
> garnishment of his paycheck to comply with separate court orders
> requiring McNeil to pay child support and alimony. *See* ECF Nos. 6 ¶¶
> 9, 16-18; 12 at 5. As his paycheck was being garnished as early as
> June 2012, these court orders became final before McNeil filed this
> suit.   *See* ECF No. 6 at 5. Finally, by evaluating the legality of FNS's court-

10

ordered garnishment of McNeil's wages, or by enjoining FNS from obeying state court orders, the Court would be reviewing the legality of state court orders authorizing the garnishment.[11] *See* ECF No. 6 at 27. McNeil is "seek[ing] redress for an injury caused by the state-court decision itself."

With the above stated, it seem that the the district court is applying Rooker-Feldman doctrine based on what it came to conclude that the Appellant was complaint about injuries caused by state court orders. However, no where in the record is there any evidence nor is their an allegation of any state court order directed at the Appellee to do anything. In fact there is only the state court order directing anyone to do anything is the Appellant himself mentioned by the Appellant in his claims. In essence, there is no state court order on record with the district court that shows it that Federal Network Systems LLC was ordered to withhold any sums of money. The only state court orders referred to in the case that was before the district court is an order for the Appellant to pay child support and alimony. In essence, it may be that if the matter went to trial that if the Appellee should produce such an order that the district court might very well find that even though the order did not in itself violate the CCPA, but because the Appellant failed to interpret the order properly that in withholding the amounts from the Appellant's pay did in fact violate the CCPA. Accordingly, the Appellee's claims that the Appellant's claims are barred by the Defendants claim by the Rooker-Feldman doctrine must fail and the District Court's ruling must be

11

reversed.   The district court not having a hearing and then deciding on its own the grounds that the case before it should be dismissed was not adequately informed to make such as decision, nor did it give the Plaintiff an opportunity to inform it of the fact.

Additionally,  as it stands, if this court should not reverse the district court's ruling, then the CCPA will become completely unenforceable and employers will have no longer be restricted to how much they can withhold from an employee's paycheck which could lead for some workers to receive no pay at all for their efforts which would completely thwart the purpose of CCPA,  where Congress found that it was necessary to regulate and to prevent unrestricted garnishment of compensation of compensation in order  to regulate commerce and to establish uniform bankruptcy laws.  See  15 U.S.C. § 1671

## H. Conclusion and Relief Requested

The Appellant, Michael A. McNeil simply asks that this court determine that the Rooker-Feldman doctrine does not bar a complaint brought under the CCPA where it is being alleged that an employer violated the wage garnishment restrictions portion of the act, and that District Court order dismissing the case for lack of subject matter jurisdiction be vacated and or reverse along with any other relief that this court can grant the Appellant to further the cause of justice.

Michael A. McNeil
7014 Gentle Shade Road
Apartment 402
Columbia, Md 21046
410-505-8617
mamcneil@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on February 21, 2014, I served a copy of the Opening Informal Brief of the Appellant  to the following via pre-paid First Class U.S. Mail:

John Edward McCann , Jr
Miles and Stockbridge PC
100 Light St
Baltimore, MD 21202


Michael A. McNeil
7014 Gentle Shade Road
Apartment 402
Columbia, Md 21046
410-505-8617
mamcneil@gmail.com

14



+ Money Back Guarantee for U.S. destinations only.